IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS MUHAMMAD,
    Plaintiff
    v.                                   Case No. 3:13-cv-85-KRG-KAP
JOHN E. WETZEL, et al.,
    Defendants

Memorandum Order, Report and Recommendation

The remaining defendants, Myers-Smith, Keyser, and Lichtenfels, filed a motion to dismiss, docket no. 25. Plaintiff Muhammad's response is more than a month overdue. The motion to dismiss should be granted for lack of opposition and on the merits, and the complaint dismissed. The motion to depose plaintiff, docket no. 27, is denied as moot.

Muhammad, an inmate at S.C.I. Somerset, filed a complaint on April 18, 2013, alleging that on September 20, 2011, he was assaulted by his cellmate, Davis, as a result of defendants' negligence or indifference. Specifically, on that date Muhammad complained about Davis smoking in their cell and, allegedly, Smith-Myers negligently or intentionally revealed to Davis that Muhammad was the source of a complaint against Davis, triggering Davis' assault on Muhammad. Muhammad named six defendants: Wetzel, the secretary of the Pennsylvania Department of Corrections; Rozum, the warden at Somerset; Onstead, the unit manager of the block where Muhammad was housed; and Myers-Smith, Keyser, and Lichtenfels, three corrections officers on duty at the time of the assault. The Court has already dismissed the complaint against the three supervisory personnel defendants. The corrections officers move

to dismiss on the ground that plaintiff failed to exhaust his administrative remedies.

I do not need to convert the motion to dismiss to a motion for summary judgment, see Fed.R.Civ.P. 12(d); see also In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir.1999), because a court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir.1993)(citations omitted). There is no dispute about the authenticity of the exhibits, and plaintiff must equally with defendants rely on them to argue that he did exhaust the remedies that were available to him.

The Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement is satisfied by substantial compliance with the existing remedial scheme, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but exhaustion of remedies by an inmate must take place before proceeding to federal court regardless of the adequacy of the administrative process, Booth v.

Churner, 532 U.S. 731, 734-39 (2001), and failure to exhaust constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006). Procedural default is governed by the requirements of the applicable state prison grievance system, rather than by federal law, so long as those requirements are not themselves in violation of the Constitution or federal law. Spruill v. Gillis, 372 F.3d 218, 231-32 (3d Cir.2004).

Initially, the complaint must be dismissed as to defendant Lichtenfels because plaintiff Muhammad did not even name him in his initial grievance as involved in the events of September 20, 2011. The Pennsylvania Department of Corrections has promulgated regulations for its grievance system that specify what "shall," "should," and "may" be included in DC-ADM 804, Section 1.A.11. It reads:

The text of the grievance shall be legible, understandable, and presented in a courteous manner. The inmate must include a statement of facts relevant to the claim. The statement of facts shall include the date, approximate time and location of the events that gave rise to the grievance. **The inmate shall identify individuals directly involved in the events.** (my emphasis).

The Court of Appeals in Spruill v. Gillis, considering the same requirement that the inmate "should" identify persons involved that was contained in a previous version of DC-ADM 804, observed "on this matter, the text is mandatory, or nearly so" and, although it held that the Pennsylvania Department of Corrections had excused the default, stated that the inmate plaintiff had procedurally

3

defaulted a claim against a defendant by failing to identify him. Id., 372 F.3d at 231-32. The current language requiring the identification of persons involved is unmistakably mandatory. Unlike Spruill v. Gillis, no excusing of the procedural default occurred here: the Pennsylvania Department of Corrections rejected Muhammad's grievance as untimely.

The complaint should be dismissed as to all defendants as untimely and for failure to take a final appeal. DC-ADM 804, Section 1.A.14, requires that an initial grievance be submitted within 15 days of the events about which it complains, and establishes three levels of review, each of which is part of the remedy available to the inmate. Muhammad's initial grievance was filed on October 21, 2011, approximately two weeks late. In the grievance system Muhammad asserted that his grievance was not untimely for shifting reasons: in his initial grievance Muhammad claimed he was not given access to grievance forms despite his request, and in his second level appeal Muhammad stated that his injuries left him too traumatized to file a timely grievance. See docket no. 25, Exhibit A. A conclusory claim in a grievance that an inmate was denied access to the administrative remedy system is entitled to no more weight than the same conclusory assertion would be entitled to in a complaint or in a response to a motion to dismiss. Further, it is not in dispute that Muhammad did not appeal the denial of his grievance to the third level of the

administrative appeals system. <u>Id.</u>, Exhibit B. For both reasons, all the claims in the complaint are procedurally defaulted by the plaintiff's failure to exhaust the available remedies, and the complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 10 October 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Carlos Muhammad CA-8079
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510